NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 15-578 (JLL) |
| v. | : | **OPINION** |
| OTTAWAN ANDERSON, | : | |
| Defendant. | : | |

**LINARES, District Judge**

The defendant, Ottawan Anderson, has appeared before the Court and has entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (See dkt. 14.)

Anderson was previously convicted in New Jersey state court, upon his entry of a plea of guilty, for robbery in the second degree pursuant to N.J.S.A. 2C:15-1(a)(2) (hereinafter, "Second Degree Robbery Conviction") based upon his commission of two carjackings. Anderson concedes that "subsection (a)(2) of the statute [is] the section of which [he] was convicted." (8-22-2016 Anderson Br. at 4; see id. at 7 (stating that he "was convicted under subsection (a)(2)"); id. at 8 (stating his "plea colloquy tracks subsection (a)(2) almost verbatim"); 10-17-2016 Oral Arg. Tr. at 5 (conceding same); see also 12-12-2006 State Court Plea Hr'g Tr. at 7–9 (Anderson admitting that his conduct violated the elements of N.J.S.A. 2C:15-1(a)(2) at the state plea hearing underlying the Second Degree Robbery Conviction).) The Government agrees that it is "clear that

[Anderson] pled guilty to violating subsection (a)(2) of the New Jersey robbery statute." (8-22-2016 Gov't Br. at 8.)

The United States Probation Office utilized the version of the United States Sentencing Guidelines (hereinafter, "Guidelines") in effect as of November 2015 in the Presentence Investigation Report. Anderson's base offense level was calculated to be 20, with a downward adjustment to an offense level of 17, thereby resulting in an advisory Guidelines range of 30 months to 37 months. In that calculation, Anderson's Second Degree Robbery Conviction was viewed under U.S.S.G. § 2K2.1(a)(4)(A) to constitute a crime of violence, as the phrase is defined by U.S.S.G. § 4B1.2(a)(1).[1] Under said section, a crime of violence is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted use, or threatened use of physical force against the person of another."

Anderson objected to that calculation, and argued that his Second Degree Robbery Conviction did not constitute a crime of violence. He argued that his base offense level should be calculated to be 14 pursuant U.S.S.G. § 2K2.1(a)(6), with a downward adjustment to an offense level of 12, thereby resulting in an advisory Guidelines range of only 15 months to 21 months.

The Court must address this dispute concerning the calculation of Anderson's advisory Guidelines range, as said calculation will affect the potential sentence that Anderson can receive. See United States v. Fumo, 655 F.3d 288, 329 (3d Cir. 2011)

---

[1] The amendments to U.S.S.G. § 4B1.2 went into effect in August 2016. The Court will not refer to those amendments in the instant case.

2

(stating that sentencing district courts must calculate a defendant's Guidelines range in the same manner as before the issuance of United States v. Booker, 543 U.S. 220 (2005)); United States v. Leahy, 445 F.3d 634, 663 (3d Cir. 2006) (stating that sentencing district courts must either rule on any disputed portion of a presentence investigation report, or determine that a ruling is unnecessary because it will not affect the sentence).

The Court has considered the papers submitted by the Government and by Anderson, and also heard oral arguments by the parties. (See dkt. 20.) In addressing this dispute, the Court is cognizant that the Government bears the burden of demonstrating that Anderson's sentence should be calculated by using the higher base offense level. See United States v. Howard, 599 F.3d 269, 271–72 (3d Cir. 2010). For the following reasons, the Court concludes that the Second Degree Robbery Conviction constitutes a crime of violence.

## ANALYSIS

### I.   U.S.S.G. § 4B1.2(a)(1)

U.S.S.G. § 4B1.2(a)(1) states: "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted use, or threatened use of physical force against the person of another." This clause remains valid. See Samuel Johnson v. United States, 135 S.Ct. 2551, 2563 (2015) (holding the residual clause found under U.S.S.G. § 4B1.2(a)(2) to be void, but explicitly stating that the holding "does not call into question application of . . . the remainder of the Act's definition of a violent felony").

## II. Second Degree Robbery Conviction

New Jersey law defines Robbery as follows:

a. Robbery defined. A person is guilty of robbery if, in the course of committing a theft, he:
  (1) Inflicts bodily injury or uses force upon another; or
  (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
  (3) Commits or threatens immediately to commit any crime of the first or second degree.

. . . .

b. Grading. Robbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon.

N.J.S.A. 2C:15-1.

Furthermore, pursuant to New Jersey law, "'Bodily injury' means physical pain, illness or any impairment of physical condition." N.J.S.A. 2C:11-1(a).

## III. Analysis

### A. Modified Categorical Approach

The parties agree that N.J.S.A. 2C:15-1 is a divisible statute, and that the Court should proceed in this analysis by employing the modified categorical approach. (See 8-22-2016 Anderson Br. at 5 (stating that "[t]he Court must employ a modified categorical approach to determine if robbery satisfies the elements clause"); id. at 7 (stating that "recourse to the modified categorical approach is in order because the New Jersey robbery statute is divisible"); 8-22-2016 Gov't Br. at 2 (assuming that this Court will be

"using the modified categorical approach").) The Court is indeed authorized to start the analysis by employing a modified categorical approach pursuant to recent case law from the Third Circuit Court of Appeals. See United States v. Gorny, No. 15-2219, 2016 WL 3689063, at *4 (3d Cir. July 12, 2016).

Furthermore, in determining whether the Second Degree Robbery Conviction constitutes a crime of violence under the modified categorical approach, the Court will be guided by the analysis set forth in its previous decision in United States v. Knight, No. 15-0004, 2016 WL 223701 (D.N.J. Jan. 19, 2016) (discussing United States v. Brown, 765 F.3d 185, 188–91 (3d Cir. 2014)).

The Court thus is required to first ascertain which subsection of the New Jersey divisible robbery statute Anderson was convicted of violating, in order to consider whether U.S.S.G. § 2K2.1(a)(4)(A) should be applied to his sentence. See Gorny, 2016 WL 3689063, at *4; see also Mathis v. United States, 136 S.Ct. 2243, 2249 (2016) (stating that the modified categorical approach is applicable to divisible criminal statutes); Descamps v. United States, 133 S.Ct. 2276, 2281 (2013) (stating same); Brown, 765 F.3d at 190 (stating same).

In the instant case, the determination as to the violated subsection of N.J.S.A. 2C:15-1 is "straightforward." United States v. Castleman, 134 S.Ct. 1405, 1414 (2014). As discussed supra, the parties agree and jointly demonstrate that Anderson was convicted of violating subsection (a)(2) of said statute.

### B. Crime Of Violence

The Court, having determined which subsection of the New Jersey robbery statute

is at issue, now moves to determine whether a conviction for a violation of N.J.S.A. 2C:15-1(a)(2) constitutes a crime of violence when the elements of the crime are analyzed. See Knight, 2016 WL 223701, at *8; see also United States v. Blair, 734 F.3d 218, 225 (3d Cir. 2013).

The Court concludes that N.J.S.A. 2C:15-1(a)(2) does indeed constitute a crime of violence. It is clear that the subsection at issue specifically indicates that it encompasses conduct that "[t]hreatens another with or purposely puts him in fear of immediate bodily injury." This statutory language clearly involves "an element [of] the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (emphasis added).

In addition, New Jersey law defines "bodily injury" as meaning "physical pain, illness or any impairment of physical condition." N.J.S.A. 2C:11-1(a). That language is consistent with the federal definition of "physical force," which requires "force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140 (2010); see Gorny, 2016 WL 3689063, at *4 (stating that a crime falls within U.S.S.G. § 4B1.2(a)(1) when it contains, as an element, the use of force that is capable of causing physical pain or injury to another person). The United States Supreme Court has recently explained that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force," and that "a 'bodily injury' must result from 'physical force.'" Castleman, 134 S.Ct. at 1414; see Gorny, 2016 WL 3689063, at *4. Essentially, the relevant case law does not distinguish "bodily injury" from "physical force." See Castleman, 134 S.Ct. at 1414; Curtis Johnson, 559 U.S. at 140; see also

6

United States v. Maxwell, 823 F.3d 1057, 1061 (7th Cir. 2016) (finding that a Minnesota "simple robbery" conviction constituted a crime of violence, as Minnesota law defined force as intentionally committing an act that inflicts physical pain or injury on another, or an attempt or a threat to do so, and thus the statute conveyed force capable of causing physical pain or injury); United States v. Kornegay, 641 Fed.Appx. 79, 85 (2d Cir. 2016) (stating that the defendant's prior conviction for New York second degree robbery constituted a crime of violence, because it prohibits forcibly stealing property, which therefore "has as an element the use, attempted use, or threatened use of physical force against the person of another"); United States v. Harris, No. 06-0268, 2016 WL 4539183, at *13 (M.D. Pa. Aug. 31, 2016) (agreeing with the Government's argument that "bodily injury does equate with physical force" in view of the United States Supreme Court's holdings in Castleman and Curtis Johnson).

Anderson's argument that N.J.S.A. 2C:15-1(a)(2) is not a crime of violence because it lacks "physical force" as an element, and that it merely requires that a defendant threaten another with or purposely put him in fear of immediate bodily injury, is without merit. That argument contradicts the United States Supreme Court's reasoning in Curtis Johnson, which held that a threat of physical force is sufficient for a crime to constitute a crime of violence. See 559 U.S. 139–43; see also U.S.S.G. § 4B1.2(a)(1) (including an element of threatened use); see also United States v. Dobbin, 629 Fed.Appx. 448, 452 (3d Cir. 2015) (stating that a Pennsylvania robbery conviction met the elements test, because the statute required that an offender threaten another or intentionally put him in fear of injury, which "satisf[ies] the first prong of the definition"

7

under U.S.S.G. § 4B1.2(a), i.e., has as an element the use, attempted use, or threatened use of physical force against the person of another), cert. denied, 136 S.Ct. 2403 (2016).

Anderson also asserts that any portions of the Commentary for the Guidelines that would be arguably relevant to Anderson are now void. However, the United States Supreme Court voided the so-called residual clause of U.S.S.G. § 4B1.2(a), and did not address the Commentary under that Section. See United States v. Calabretta, 831 F.3d 128, 137 (3d Cir. 2016) (explaining the holding in Samuel Johnson v. United States, 135 S.Ct. at 2563). In addition, this Court did not need to resort to the Commentary of the Guidelines to reach its determination in the instant case.

The Court also notes that United States v. Jones, 830 F.3d 142 (2d Cir. 2016), which Anderson relied upon in support of his argument for a lower advisory Guidelines range, has been vacated by the Second Circuit Court of Appeals. (See 8-22-2016 Anderson Br. at 10.) See United States v. Jones, No. 15-1518, 2016 WL 5791619, at *1 (2d Cir. Oct. 3, 2016) (vacating the first Jones opinion).

In the case at bar, Anderson slips into an enumeration analysis in his arguments concerning whether the Second Degree Robbery Conviction constitutes a crime of violence. (See, e.g., 8-31-2016 Anderson Br. at 6 (stating that the New Jersey statute underlying the Second Degree Robbery Conviction sweeps more broadly than the generic federal offense of robbery, and thus it cannot be considered to be a crime of violence).) However, the utilization of the modified categorical approach, which embodies the elements analysis, is separate from the enumeration approach. See Brown, 765 F.3d 188–91.

In <u>Knight</u>, the Court declined to engage in the enumeration approach. The Court also declined to formally address whether a conviction of robbery in the first degree under N.J.S.A. 2C:15-1 constituted a crime of violence due to the enumeration of "robbery" in Application Note 1 of the Commentary for the version of U.S.S.G. § 4B1.2 in effect at that time. <u>See</u> 2016 WL 223701, at *9 n.9. The Court will also decline to do so concerning the Second Degree Robbery Conviction in the instant case. The Court agrees with the Government's statement at oral argument underlying this dispute that, "[Y]ou simply look to see whether or not the element[s] of the State offense includes the use, attempted use or threatened use of physical force against the person of another, full stop. That is all you do." (10-17-2016 Oral Arg. Tr. at 13.)

## CONCLUSION

For the aforementioned reasons, the Court concludes that Anderson's Second Degree Robbery Conviction constitutes a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), as defined by U.S.S.G. § 4B1.2(a)(1). Therefore, Anderson's advisory Guidelines range is 30 months to 37 months. Sentencing in this matter is hereby scheduled for 10 a.m. on Wednesday, November 23, 2016.

JOSE L. LINARES
United States District Judge

Dated: November 7th, 2016